[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Fournier Irrigation, LLC, filed this three count complaint on January 16, 2002, against the defendant, Jay's Landscaping, LLC seeking damages for breach of contract and payment for the installation of an irrigation system at the Mohegan Sun Casino. The plaintiff and the defendant are both limited liability corporations, the plaintiffs principal place of business being in East Hartford, and the defendant's principal place of business being in South Windsor.
In count one, the plaintiff alleges that the defendant breached the contract between the parties by failing to make timely progress payments, withholding payments and wrongfully terminating the plaintiffs right to complete the job. Count two sounds in unjust enrichment. In count three, the plaintiff alleges that the defendant violated General Statutes § 42-158j by failing to place the funds it owes the plaintiff into an escrow account.
The defendant filed this motion to dismiss on March 8, 2002, claiming firstly that the court lacks subject matter jurisdiction because the state is preempted by federal law from exercising jurisdiction, in this case since doing so would infringe on the tribe's sovereign immunity and secondly, that the plaintiff has not exhausted its remedies since there is a parallel action in the Mohegan Gaming Disputes Court. Both parties have filed memoranda of law and a number of exhibits.
The plaintiff argues that the state court has jurisdiction over this matter because the Mohegan Tribe is neither a party to this action nor does it have a stake in the outcome of the case, thus the state court is not preempted from exercising jurisdiction nor does the exercise of jurisdiction infringe on the sovereign immunity of the Mohegan Tribe. The plaintiff also argues that the exhaustion of remedies doctrine does not apply even though there is a proceeding between the same parties in the Mohegan Gaming Disputes Court. Defendant claims the state court does not have jurisdiction because the tribe did not consent to give the state court jurisdiction in this matter. CT Page 9361
 I
The defendant first argues that the court lacks subject matter jurisdiction because it is preempted by federal law. Both the United States Supreme Court and the Connecticut Supreme Court recognize that "the Indian tribes retain attributes of sovereignty over both their members and their territory." White Mountain Apache Tribe v. Bracker,446 U.S. 136, 142, 100 S.Ct. 2578, 65 L.Ed.2d 665 (1980); Kizis v. MorseDiesel International, Inc., 260 Conn. 46, 52-53 (2002). Congress, however, "has broad power to regulate tribal affairs under the Indian Commerce Clause, Art. I, § 8, cl. 3. . . . This congressional authority and the `semi-independent position' of Indian tribes have given rise to two independent but related bafflers to the assertion of state regulatory authority over tribal reservations and members. First, the exercise of such authority may be pre-empted by federal law. . . . Second, it may unlawfully infringe on the right of reservation Indians to make their own laws and be ruled by them." White Mountain Apache Tribev. Bracker, supra, 446 U.S. 142. Thus, in order for the state court to exercise jurisdiction, there must not be any federal law that preempts the state court's jurisdiction and the state court's exercise of jurisdiction must not infringe upon the tribe's sovereignty.
State jurisdiction is preempted by the operation of federal law if it interferes or is incompatible with federal and tribal interests reflected in federal law, unless the state interests at stake are sufficient to justify the assertion of state authority. New Mexico v. Mascalero ApacheTribe, 462 U.S. 324, 334, 103 S.Ct. 2378, 76 L.Ed.2d 611 (1983), citingStrate v. A-1 Contractors, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661
(1997). Our Superior Court has held that absent express authorization by federal statute or treaty, tribal jurisdiction over the conduct of nonmembers exists only in limited circumstances and that absent statute or treaty authorizing jurisdiction in this case, or a compelling nexus between the Tribe and the underlying action, the state court has jurisdiction to hear this matter. Cuprak v. Sun International HotelsLtd., Superior Court, judicial district of New London at Norwich, Docket No. CV 97 01124045S (October 9, 1997, Handy, J.).
The defendant refers to the Settlement Act, 25 U.S.C. § 1775 et seq., and the Indian Gaming Regulation Act, 25 U.S.C. § 2701 et seq., in support of its argument that federal law preempts this court's jurisdiction. The Indian Gaming Regulation Act, 25 U.S.C. § 2701
(5), provides that Indian tribes have the exclusive right to regulate gaming activity on Indian lands and further provides that the tribe and the state may form a compact relating to "(i) the application of the criminal and civil laws and regulations of the Indian tribe or the State CT Page 9362 that are directly related to, and necessary for, the licensing and regulation of such activity; (ii) the allocation of criminal and civil jurisdiction between the State and the Indian tribe necessary for the enforcement of such laws and regulations." 25 U.S.C. § 2710 (d)(3) (C). While the Indian Gaming Regulation Act grants the Mohegan Tribe the authority to regulate gaming on its lands, the act is inapplicable in the present case because this cause of action is unrelated to any gaming activity on the Mohegan reservation and it involves parties that are nonmembers of the tribe that entered into a contract outside Indian land. While, pursuant to the contract, the defendant installed an irrigation system on the Mohegan reservation, its actions on the reservation were wholly unrelated to gaming. Moreover, although the Mohegan Tribe and the State of Connecticut did form a Gaming Compact on May 17, 1994, as authorized by 25 U.S.C. § 2710, nothing in the Gaming Compact prohibits this court from exercising jurisdiction in this case. Similarly, there is nothing in the Settlement Act nor its legislative history that would grant the tribal court exclusive jurisdiction over this case. Since defendant has failed to provide the court with any federal statute or treaty that grants the tribal court jurisdiction in this case, it is concluded that this court is not preempted from exercising jurisdiction over this cause of action.
 II
The defendant argues, however, that there does not have to be an express statement of federal law declaring preemption of the state court's jurisdiction relying on the Supreme Court's statement in WhiteMountain Apache Tribe v. Bracker, supra, 448 U.S. 144, that it has "rejected the proposition that in order to find a particular state law to have been pre-empted by operation of federal law, an express congressional statement to that effect is required." However, that decision went on to state, however, that "at the same time any applicable regulatory interest of the State must be given weight" and in determining preemption in cases where the state wishes to exercise jurisdiction over nonmembers of the tribe, courts must examine "the language of the relevant federal treaties and statutes in terms of both the broad policies that underlie them and the notions of sovereignty that have developed from historical traditions of tribal independence." Id., 144-45. However, this court can find no policies underlying the federal statutes or treaties cited by the defendant that prohibit this court from exercising jurisdiction over this cause of action, which arose off the reservation and involves no members of the tribe.
 III
Next, the defendant argues that the state court's exercise of CT Page 9363 jurisdiction would infringe on the tribe's right to sovereign immunity, through which they retain jurisdiction over the activities of nonmembers that have "some direct effect on the political integrity, the economic security, or the health or welfare of the tribe", citing Strate v. A-1Contractors, supra, 520 U.S. 446.
Connecticut courts have adopted a three-part test to determine whether the state court's exercise of jurisdiction would infringe upon tribal sovereignty: "(1) whether the parties involved are Indians or non-Indians; (2) whether the cause of action arose within the Indian reservation; and (3) the nature of the interest to be protected." Drummv. Brown, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 96 00799671 (January 10, 2000, Robaina, J.).
In applying this three-part test to the present facts, it is clear that the state court's exercise of jurisdiction does not infringe upon the Mohegan Tribe's sovereignty. First, both parties involved in this action are nonmembers of the Mohegan Tribe and have their principal places of business in Connecticut. Second, the cause of action arose in Connecticut, where the contract was created and signed. Third, there is no indication that either the Mohegan Tribe's political interest or health or welfare would need protection in this matter. Furthermore, the Mohegan Tribe is not a party to this action and is not in danger of economic loss if the plaintiff is successful in its action. The state of Connecticut, however, has an interest in adjudicating disputes between corporations located in Connecticut. This court's exercise of subject matter jurisdiction does not infringe upon the Mohegan Tribe's exercise of sovereignty.
 IV
The defendant argues further, however, that the state's exercise of jurisdiction would infringe on the tribe's exclusive right to exercise jurisdiction encompassed in the Mohegan Constitution which provides for the Gaming Disputes Court to have exclusive jurisdiction for the tribe over disputes arising out of or in connection with the Gaming as well controversies arising under this Constitution which in any way relate to Gaming. Mohegan Constitution, art. XIII, § 2. Although article XIII, § 2 clearly illustrates the tribe's intention to exercise jurisdiction over disputes related to gaming, it is difficult to see how this section of the Mohegan Constitution applies in this case, since this cause of action does not arise out of gaming or relate to gaming. Defendant has not pointed to any provision in the Mohegan Constitution that grants the tribal court jurisdiction over cases arising out of a contract formed and entered into on non-Indian land and involving nonmembers of the tribe. CT Page 9364
 V
The defendant further argues that the tribal exhaustion doctrine prohibits the state court from exercising jurisdiction over this matter. The tribal exhaustion doctrine stands for the premise that a court should abstain from considering any relief for the plaintiff "until after the Tribal Court has had a full opportunity to determine its own jurisdiction and to rectify any errors it may have made." National Farmers Union Ins.Co. v. Crow Tribe of Indians, 471 U.S. 845, 105 S.Ct. 2447,85 L.Ed.2d 818
(1985). Moreover, once a proceeding is brought in tribal court, a federal or state court must not exercise jurisdiction "until the parties have exhausted their tribal remedies." Cuprak v. Sun international HotelsLtd., supra, Superior Court, Docket No. CV 97 0112045S. Our Supreme Court addressed the tribal exhaustion doctrine in Drumm v. Brown, 245 Conn. 657,716 A.2d 50 (1998), and held that the doctrine applied to Connecticut state courts, because it was based primarily upon respect for a federal policy supporting tribal self-government and self-determination, and the related notion of comity.
As the court in Drumm stated, the tribal exhaustion doctrine is founded on the notion that a tribe has a right to govern itself. A tribe's right to sovereignty, however, is not absolute. "As the United States Supreme Court has made clear, tribal sovereignty does not impede state court jurisdiction unless `the exercise of state-court jurisdiction in [the] case would interfere with the right of tribal Indians to govern themselves under their own laws.' . . . If the exercise of state court jurisdiction is compatible with tribal autonomy . . . judicial action not only is permitted, but may be required." Golden Hill Paugussett Tribe ofIndians v. Southbury, 231 Conn. 563, 575-76, 651 A.2d 1246 (1995). InStrate v. A-1 Contractors, supra, 520 U.S. 453 the Supreme Court has held that in a situation where all the parties are nonmembers of the tribe and the action arose on non-fee Indian land, the state court can exercise jurisdiction if there has been no "congressional direction enlarging" a tribe's adjudicative jurisdiction to encompass such a situation. The court stated that:
 "[w]hen, as in this case, it is plain that no federal grant provides for tribal governance of nonmembers' conduct . . . it will be equally evident that tribal courts lack adjudicatory authority over disputes arising from such conduct. As in criminal proceedings, state or federal courts will be the only forums competent to adjudicate those disputes. . . . Therefore, when tribal-court jurisdiction over an action such as this one is challenged in federal CT Page 9365 court, the otherwise applicable exhaustion requirement . . . must give way, for it would serve no purpose other than delay."
The defendant has failed to submit any evidence that the tribal court has been granted jurisdiction by the federal government over a cause of action arising on non-Indian land, between nonmembers of the Mohegan Tribe, and there is no evidence that the court's exercise of jurisdiction over the present case would impede the tribe's sovereignty.
 VI
Finally, the defendant argues that the state court cannot exercise jurisdiction over this cause of action because the tribe has not consented to allowing the state court to do so, relying on Kizis v. MorseDiesel International, Inc., supra, 260 Conn. 46. The Kizis court held that the state court did not have subject matter jurisdiction over the tort cause of action because the Mohegan Tribe had not consented to being sued in state court, but rather had only consented to being sued in the Gaming Disputes Court. The court rested its holding, however, on the fact that "[t]he two individual defendants being sued are employed by the tribe and the authority, and the alleged incident took place on [tribal land]. Since The Mohegan Torts Code together with the gaming compact and the Mohegan constitution provide a forum and mechanism to redress the plaintiffs injuries, the Connecticut state court did not have subject matter jurisdiction over this claim."
Unlike Kizis, no party in the present case is an employee of the Mohegan Tribe, nor did this cause of action rise on tribal land; nor is there any evidence that Mohegan tribal law provides the parties with a forum for this contract cause of action, neither party to which is a tribal member or employee. Kizis is simply inapplicable to this case.
Since this court has subject matter jurisdiction in this case, defendant's motion to dismiss is denied.
Wagner, JTR CT Page 9366